HENRY VON PHUL and another *v.* E. C. SLOAN and another.

To construe a promise to accept a bill to be afterwards drawn, into an actual accept-ance, so as to authorize a suit by the holder of the bill, as if accepted, the bill must be described in terms not to be mistaken. The description must be sufficient to identify the bill when sued on, and such as can apply to no other bill; it must result from the promise itself, and cannot be aided by any statement on the face of the bill.

The evidence necessary to support an action on a bill as an accepted bill, and on a breach of promise to accept, is materially different. To maintain the former, the promise must be applied to the particular bill alleged to have been accepted; in the latter case, the evidence may be of a more general character, and the authority to draw be collected from circumstances, and extended to all bills coming within the scope of the promise.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *Rozier,* for the appellant.

*Benjamin,* for the defendants, cited *Coolidge* v. *Payson,* 2 Wheaton, 75. *Carrollton Bank* v. *Tayleur et al.,* 16 La. 490.

MORPHY, J. This action is instituted on a bill of exchange for five hundred dollars, dated at St. Louis, the 28th of November, 1840, and drawn in favor of the plaintiffs on the defendants by one Robert Bell, payable one hundred days after date. The bill mentions on its face that it is drawn as authorized by E. C. Sloan's letter of credit of the 12th of the same month. The letter of credit referred to in the bill is in the following terms, to wit:

" I hereby give Mr. Rob. Bell, of Chester, Ills., authority to draw on Sloan & Brother, of New Orleans, for any amount not exceeding fifteen hundred dollars, say $1500, the drafts to be drawn at not less than 100 days after date. Drafts drawn under this authority will be honored by Sloan & Brother.

" E. C. SLOAN.

" *St. Louis, November* 12th, 1840."

When the bill was presented, the defendants refused acceptance and payment of it, on the ground that they had been informed that the letter of credit on which it was drawn was obtained through false pretences. They are now sought to be held liable as acceptors, on the ground that the plaintiffs took the draft on the faith of the latter, and relied for payment of the same on the credit thereby given to the drawer.

An exception was taken to the plaintiffs' right of action against the defendants as acceptors ; and on this exception being sustained, and the suit dismissed, the petitioners appealed.

The question is whether this letter of credit be such an acceptance of the bills to be drawn under it, as authorizes suit against the signers of the latter by third persons, purchasers of the bills, and to whom the latter may have been exhibited at the time of the purchase.

In the case of *The Carrollton Bank* v. *Tayleur et al.*, 16 La. 496, we had occasion to enter largely into the examination of these promises to accept future bills. We there held, that in order to construe a promise to accept a bill to be drawn into an actual acceptance, so as to authorize a suit by the holder of the bill as if accepted, the bill must be described in terms not to be mistaken, and that the description must be such as to identify the bill or bills sued on. This we take to be the rule as laid down in the case of *Coolidge* v. *Payson*, 2 Wheaton, 75, and in the several subsequent adjudications on the subject. Before the rule in relation to these collateral acceptances on a separate paper was extended to bills not yet *in esse*, it was required that the promise or undertaking should point to the specific bill or bills already drawn. Why should it not be required as to future bills ? To supply the place of a written acceptance on a bill, the promise to accept must describe the bill in such a way that the promise can apply to no other bill. In the present case the promise of the defendants points to no specific bill, but is a general authority to draw to a certain amount, and the time at which the drawing must take place is limited at no less than one hundred days from the date of any bill to be drawn. So far, then, from describing any particular bill so as to identify it, the letter of credit might be made to apply to bills of different amounts, and payable at different times, within the limits mentioned in it as to amount and time. An attempt has been made to identify the bill sued on, by stating on its face that it is drawn in pursuance of the letter of credit. This may be done in every case, however general may be the authority to draw ; it surely cannot add any thing to it. The description or identity necessary to charge the writer of a promise to accept as an actual acceptor, must result from the promise itself. The defendants

may be liable to Robert Bell on the breach of their promise to accept his bills ; but this promise is not such, in our opinion, as to authorize a suit on it, as an acceptance, by the holders of such bills. In *Boyce and Henry* v. *Edwards*, 4 Peters, 122, Thompson, J., after reviewing the several adjudications, in which the rule on this subject is laid down, says : " The distinction between an action on a bill as an accepted bill, and one founded on a breach of a promise to accept, seems not to have been adverted to. But the evidence necessary to support the one or the other, is materially different. To maintain the former, as has been already shown, the promise must be applied to the particular bill alleged in the declaration to have been accepted. In the latter, the evidence may be of a more general character, and the authority to draw may be collected from circumstances and extended to all bills coming fairly within the scope of the promise."

The letter of credit given in this case we cannot view in any other light than as a general authority to draw in a certain manner, and to a certain extent ; but it is not an acceptance of any particular bill or bills.

*Judgment affirmed.*